**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2418-17T4

L.A., on behalf of H.A.R.,

    Plaintiff-Appellant,

v.

SOUTH ORANGE-MAPLEWOOD
BOARD OF EDUCATION,

    Defendant-Respondent.

_____

Submitted February 6, 2019 – Decided February 27, 2019

Before Judges Currier and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-8454-16.

L.A., appellant pro se.

Purcell, Mulcahy & Flanagan, LLC, attorneys for respondent (Robert M. Tosti, on the brief).

PER CURIAM

Plaintiff L.A. appeals from a November 17, 2017 order dismissing her complaint against defendant South Orange-Maplewood Board of Education (Board) based on the statute of limitations. We affirm.

This matter arises from a settlement agreement reached by the parties in 2002 in a matter pending before the Office of Administrative Law (OAL), resolving plaintiff's claim that the Board failed to provide a suitable and proper education for her son (OAL matter).

In September 2000, plaintiff sought reimbursement for her son's education and transportation costs. In the OAL matter, an administrative law judge (ALJ) scheduled hearings to determine an appropriate educational program and placement for plaintiff's son. On June 21, 2002, the parties reached an agreement in the OAL matter. The ALJ questioned plaintiff regarding her understanding of the settlement. The ALJ concluded plaintiff accepted the settlement terms "voluntarily and of her own free will." The agreement was reduced to writing and signed by plaintiff. In accordance with the settlement of the OAL matter, the Board agreed to pay plaintiff for her son's tuition at the designated school, transportation costs, and attorney's fees. The Board had to

pay plaintiff within three weeks of the Board's approval of the agreement, which was to be presented at the Board's next scheduled meeting.[1]

Before the Board had an opportunity to approve the agreement, plaintiff raised a concern regarding the transportation provision as agreed upon by the parties. Plaintiff asserted her son was required to take several buses to attend the designated school and the time her son would spend on the various buses would be difficult for him. Plaintiff wrote letters to the ALJ expressing this concern and asked the ALJ not to approve the agreement. The Board agreed to pay the additional cost for alternative transportation, but declined to address the matter until it approved the agreement.

After the Board approved the agreement, plaintiff sought to set aside the settlement and filed a motion with the OAL. The ALJ, in a written opinion dated September 16, 2002, denied plaintiff's motion, finding the parties entered into the agreement "freely and voluntarily, and with the advice of counsel," "[t]he terms of the settlement agreement [were] fair and just," and "there was no fraud or other compelling circumstances" justifying repudiation of the settlement. The ALJ ordered the parties to comply with the agreement.

---

[1]  The settlement of the OAL matter was not presented to the Board until its August meeting. The Board approved the agreement on August 12, 2002.

In this appeal, plaintiff claimed she attempted to collect payment from the Board in 2003 and 2008, including filing further legal action, but was unsuccessful. Plaintiff's appendix failed to include evidence of any subsequent legal actions, in 2003 or 2008, seeking payment from the Board.

In December 2016, plaintiff filed a complaint in the Superior Court, alleging the Board failed to make the required payments pursuant to the agreement. The Board filed a motion to dismiss the complaint for failure to state a claim, asserting plaintiff's claims were barred by the six-year statute of limitations governing contract actions.

The motion judge granted the Board's motion to dismiss. In a written statement of reasons, the judge found plaintiff's complaint was untimely because the statute of limitations governing enforcement of a contract is six years. See N.J.S.A. 2A:14-1. The contract plaintiff sought to enforce, the agreement resolving the OAL matter, was dated September 2002. The judge concluded plaintiff's cause of action, filed fourteen years after the agreement was signed, was time barred.

Plaintiff appeals, asserting the applicable statute of limitations is twenty years in accordance with N.J.S.A. 2A:14-5. She claims the ALJ's decision,

enforcing the agreement in the OAL matter, was a court order or judgment and thus valid for twenty years.

We review a trial court's decision determining a cause of action to be barred by the statute of limitations de novo. Catena v. Raytheon Co., 447 N.J. Super. 43, 52 (App. Div. 2016). In assessing dismissal of a complaint under Rule 4:6-2(e), we must "search the complaint 'in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" Banco Popular N. Am. v. Gandi, 184 N.J. 161, 165 (2005) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). "[I]f the complaint states no basis for relief and discovery would not provide one, dismissal is the appropriate remedy." Banco Popular N. Am., 184 N.J. at 166 (citing Pressler, Current N.J. Court Rules, cmt. 4.1 on R. 4:6-2 (2005)).

A motion to dismiss should be granted "in only the rarest of instances." Printing Mart, 116 N.J. at 772. If, after a "meticulous and indulgent examination," a judge determines the complaint must be dismissed, the dismissal should be without prejudice "barring any other impediment such as a statute of limitations . . . ." Ibid.

An agreement to settle litigation is "governed by [the general] principles of contract law." Globe Motor Co. v. Igdalev, 225 N.J. 469, 482 (2016) (alteration in original) (quoting Brundage v. Estate of Carmbio, 195 N.J. 575, 600–01 (2008)). As such, "an agreement to settle a lawsuit is a contract which, like all contracts, may be freely entered into and which a court, absent a demonstration of fraud or other compelling circumstances, should honor and enforce as it does other contracts." Zuccarelli v. N.J. Dep't of Envtl. Prot., 326 N.J. Super. 372, 380 (App. Div. 1999) (quoting Pascarella v. Bruck, 190 N.J. Super. 118, 124–25 (App. Div. 1983)).

N.J.S.A. 2A:14-1 imposes a six-year statute of limitations for "recovery upon a contractual claim or liability, express or implied . . . ." The primary purpose of the statute of limitations is to "compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend." Fox v. Millman, 210 N.J. 401, 415 (2012) (quoting Hous. Auth. of Union City v. Commonwealth Trust Co., 25 N.J. 330, 335 (1957)).

Plaintiff failed to file her complaint within the applicable statute of limitations governing contract actions. The parties signed a written agreement

in the OAL matter in 2002.[2] Plaintiff's claim arose sometime after August 2002, when the Board signed the agreement but failed to make timely payments. Plaintiff filed her complaint in 2016, well beyond the six-year period of limitations under N.J.S.A. 2A:14-1. Consequently, dismissal of plaintiff's complaint was warranted.

We reject plaintiff's argument that the twenty-year statute of limitations under N.J.S.A. 2A:14-5 is applicable because the ALJ's written decision, dated September 12, 2002, is a judgment. N.J.S.A. 2A:14-5 provides: "[a] judgment in any court . . . may be revived by proper proceedings or an action at law may be commenced thereon within [twenty] years next after the date thereof . . . ."

The OAL is not a "court" within the State's judicial branch of government. The OAL is overseen by the Department of State as part of the executive branch of government. See N.J.S.A. 52:14F-1. Because the OAL is not a court, the statute governing judgments "in any court" is inapplicable to OAL determinations. See N.J.S.A. 2A:14-5. Further, there was no judgment issued by the ALJ in the OAL matter. The parties "freely and voluntarily" signed a written settlement resolving their issues. Thus, the twenty-year statute of

---

[2] Plaintiff claims she contacted the Board several times between 2003 and 2008, seeking payment pursuant to the agreement. However, her claims are not substantiated in the record.

A-2418-17T4

limitations under N.J.S.A. 2A:14-5 is inapplicable and dismissal of plaintiff's complaint in accordance with N.J.S.A. 2A:14-1 was proper.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION